Filed 2/16/21  P. v. Stone CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B306962 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA151236) |
| v. | |
| CHARLES STONE, | |
| Defendant and Appellant. | |

THE COURT:

In 2020, Charles Stone was charged with voluntary manslaughter for a 2009 killing committed for a criminal street gang.  (Pen. Code, §§ 192, subd. (a), 186.22, subd. (b)(1)(C).)  Stone was 17 years old when the crime was committed.  Stone waived his right to trial.  He pleaded no contest to the homicide and admitted the gang enhancement.  He was sentenced to the midterm of six years for the killing plus 10 years for the enhancement.

At a hearing in July 2020, the court addressed the issue of a *Franklin* hearing.[1]  It said, "I have no problem with that if you want to file the appropriate motion."  The court observed that Stone might not be incarcerated in 15 years, when he is first eligible for a youth offender parole hearing (Pen. Code, § 3051), due to sentencing credits.

The court told defense counsel that it would not set a *Franklin* hearing until counsel filed a motion showing that Stone is eligible.  Counsel replied, "Very good.  Understood."  Stone appeals the "denial of [a] *Franklin* hearing."

We appointed counsel to represent Stone in his appeal. After examining the record, counsel filed a brief raising no issues. (*People v. Wende* (1979) 25 Cal.3d 436, 441–443.)  We advised Stone that he could personally submit any contentions or issues that he wished to raise on appeal.  He did not submit a supplemental brief.

The court did not deny a *Franklin* hearing.  Instead, it stated that it would set a hearing if counsel files a motion showing that Stone is eligible.  This is not a final order dismissing with prejudice a motion for a *Franklin* hearing.

---

[1] *People v. Franklin* (2016) 63 Cal.4th 261, 283–284 (*Franklin*) [defendant may create a record showing characteristics and circumstances that may be relevant at a future youth offender parole hearing.]

We have reviewed the entire record and are satisfied that no arguable issue exists. (*People v. Wende, supra,* 25 Cal.3d at pp. 441–443; *People v. Kelly* (2006) 40 Cal.4th 106, 125–126.)

The appeal is dismissed.

NOT TO BE PUBLISHED.

_____

LUI, P. J.                    CHAVEZ, J.                    HOFFSTADT, J.